IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICKOLAS DAVID CALLAWAY, | § | |
|     PETITIONER, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-0193-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
|     RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of this court. Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## FINDINGS AND CONCLUSIONS

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Nickolas David Callaway, TDCJ-ID #1245588, is confined by the Texas Department of Criminal Justice, Institutional Division, in the T.L. Roach Unit in Childress, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C.  CASE HISTORY

On June 28, 2002, Callaway pleaded guilty in Cause # 0829959 in the 372nd Judicial District Court, Tarrant County, Texas, to the offense of indecency with a child by contact. (Clerk's R. 13).

He was placed on a ten-year term of deferred adjudication probation, but on June 11, 2004, the State filed a motion to proceed to adjudication. (Clerk's R. 18). Callaway pleaded true to violating the conditions of his probation, and after a hearing, the trial court entered judgment finding Callaway guilty of the offense of indecency with a child and assessing a punishment of ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. (3 Rep. R. 10-14; Clerk's R. 39). The Texas Court of Appeals affirmed the judgment, and the Texas Court of Criminal Appeals refused Callaway's petition for discretionary review. *Callaway v. State*, No. 02-04-295-CR (Tex. App.–Fort Worth July 14, 2005, pet. ref'd).

Callaway has filed one state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order based on the findings of the trial court without a hearing. *Ex parte Callaway*, No. WR-65,835-01 (Tex. Crim. App. Jan. 7, 2007). Callaway filed his federal petition for writ of habeas corpus on February 7, 2007.

D.  ISSUES

Callaway raises the following grounds for relief:

(1) The trial court denied him due process of law by denying his request to participate in a substance abuse program as a term of community supervision; and

(2) He was denied the effective assistance of counsel because counsel failed to object on constitutional grounds to the state statute that precluded him from being assigned to a substance abuse program.

E.  RULE 5 STATEMENT

Respondent agrees that Petitioner has sufficiently exhausted available state remedies on the issues presented.

## F. LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 1518, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. §2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. *Montoya*, 226 F.3d at 404. In addition, state court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

G.  DISCUSSION

   1.  Eligibility for Substance Abuse Program

Callaway contends that the trial court violated his constitutional rights by refusing his request to attend a state-sponsored substance abuse felony program as an alternative to incarceration. During the hearing on the state's motion to adjudicate guilt, the trial court acknowledged that Callaway wanted to participate in the substance abuse program, but advised Callaway that his offense rendered him ineligible. (3 Rep. R. 50). Texas law provides that, if a court places a defendant on community supervision as an alternative to imprisonment, the court can require that the offender serve a term of confinement and treatment in a substance abuse treatment facility operated by the Texas Department of Criminal Justice as a condition of his community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, , § 14(a) (Vernon 2006). But state law prohibits the trial court from including placement in a "substance abuse felony program" as a condition of community supervision if the defendant is charged with or convicted of indecency with a child. *Id*. art. 42.12, §§ 14(b)(2)(A), 22(a)(4)(A).

Callaway does not dispute that he was afforded all due process to which he was entitled at the hearing on the prosecutor's motion to proceed to adjudication. Probationers are entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Moreover, there is no due process requirement that the sentencing court indicate that it has considered alternatives to incarceration before revoking probation. *Black v. Romano,* 471 U.S. 606, 611-613, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636 (1985). Callaway was represented by counsel, was afforded a hearing, and was allowed to present witnesses and other evidence on his behalf.

To the extent Callaway is alleging that he was denied due process because the Texas Legislature has decreed that certain rehabilitation programs are not a sentencing option for some offenders, he does not show he had a cognizable interest subject to protection. The Constitution creates no property interests, which must stem from an independent source such as state law. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 538 (1972). A liberty interest may arise from the Due Process Clause or an independent source such as state law. *Coleman v. Dretke*, 395 F.3d 216, 221 (5th Cir. 2004). But Criminal offenders have no inherent constitutional right to participate in rehabilitation programs,[1] and of course, the crux of Callaway's complaint is that state law denied him such a right.[2]

Callaway fares no better if his complaint is framed as an equal protection challenge. The legislature has the authority and discretion to define different offenses and to provide different penalties for them, provided that no suspect classification or fundamental rights are implicated. *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996). A suspect class is one saddled with such disabilities, or subjected to a history of purposeful unequal treatment, or relegated to such a position of political powerlessness, as to command extraordinary protection from the majoritarian political process. *San Antonio Indep. School Dist. v. Rodriguez*, 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973); *Sonnier v. Quarterman*, 476 F.3d 349, 368 n.17 (5th Cir. 2007). A fundamental

---

[1] *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976)(noting that Congress gave federal prison officials discretion to control conditions of confinement, such as prisoner classification and eligibility for rehabilitative programs, thus prisoner had neither statutory nor constitutional entitlement that would invoke due process); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir.1995)(finding prisoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to due process protections). *See also Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988)(finding that state had no constitutional obligation to provide basic educational or vocational training to prisoners).

[2] Conversely, due process may be implicated if the state decides to mandate participation in a particular treatment program. *Coleman*, 395 F.3d at 220-24 (addressing mandatory nature of sexual offender program).

right, for purposes of equal protection analysis, is one that is among the rights and liberties explicitly or implicitly guaranteed by the Constitution. *See Rodriguez*, 411 U.S. at 29-36, 93 S.Ct. at 1294-98; *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998).

Callaway is not a member of a suspect class, and there is no fundamental right at stake.[3] Nor does he establish that the state legislature had no legitimate purpose in limiting the types of offenders who are eligible for the substance abuse felony program. *See FCC v. Beach Commc'ns*, 508 U.S. 307, 315, 113 S.Ct. 2096, 2102, 124 L.Ed.2d 211 (1993)(placing burden on those attacking rationality of the legislative classification to negate every conceivable basis that might support it). Equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. *Id.* at 313, 113 S.Ct. at 2101; *Sonnier*, 476 F.3d at 368. Callaway has not shown that the state court, in rejecting his arguments, reached a decision that is contrary to or an unreasonable application of clearly established federal law.

2. Ineffective Assistance of Trial Counsel

Callaway urges that he was denied the effective assistance of counsel because his attorney failed to object to the statute as unconstitutional in excluding certain offenders from participating in the substance abuse program. Callaway asserts that harm is apparent because the appellate court refused to consider the merits of his complaint about the law because counsel had not made the appropriate objection before the trial court. *Callaway*, No. 02-04-293-CR, slip op. at 5.

---

[3] *Cf. Chapman v. United States*, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991)(noting that all persons have fundamental right to liberty, but once convicted, a person is eligible for and court may impose whatever punishment is authorized by statute for the offense, so long as penalty is not cruel and unusual or arbitrary); *Styron v. Johnson*, 262 F.3d 438, 452-53 (5th Cir. 2001) (rejecting equal protection challenge to Texas capital murder statute as arbitrarily based on age of victim); *Wottlin*, 136 F.3d at 1036 (finding inmate classification system that excluded violent offender from consideration for early release did not involve suspect class); *Flores v. State*, 904 S.W.2d 129, 130 (Tex.Crim.App.1995) (plurality opinion)(noting that decision to grant community supervision does not involve fundamental right).

The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). The first prong of *Strickland* requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674. In addition, claims of ineffective assistance are mixed questions of law and fact. *Id.* at 698, 104 S.Ct. at 2070. Because the state court rejected Callaway's complaints about trial counsel, the federal court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d)(1).

As discussed, Callaway has not presented a meritorious constitutional challenge to the Texas community supervision statute; therefore, the trial court's reliance on state law was not a basis for objection. Failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Additionally, there is no reasonable probability that the trial court would have sustained such an objection or that the appellate court would have held the statutory provision to be unconstitutional if it had reached the merits of the issue.

Callaway fails to provide clear and convincing evidence to rebut the presumption of correctness regarding the underlying state court findings, nor has he demonstrated that the state

courts misapplied or unreasonably applied the law to the facts in rejecting his complaints of ineffective assistance of counsel.

## RECOMMENDATION

The petition for writ of habeas corpus should be denied.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until May 12, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until May 12, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED APRIL 21, 2008.


    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE